Bessie Pires }
vs. } No. 79360.
Picard Motor Sales Co. }

July 12, 1932.

FROST, J. Heard on defendants' motion for new trial after verdict for plaintiff in the sum of $325.

This is an action of trover and conversion brought against Leo E. Picard and Archie N. Picard, doing business under the name and style of Picard Motor Sales Company, to recover the value of an automobile.

Plaintiff claimed to be the owner of a 1924 Hudson Coach which was at one time registered in her name after the death of her first husband. After the latter's death she married again and then, anticipating the birth of a child and possibly fearing her own death at that time, she had the automobile registered in her husband's name although, as she testified, she did not give the car to him. The child was born on April 26, 1928, and Mrs. Pires survived the event but did not have the registration of the automobile transferred to herself. This was the situation in December, 1928, at which time Mr. Pires had occasion to go to defendants' garage for the purpose of having some slight repairs made to the brakes of the machine. While there he made some inquiries about a Nash car that he had seen advertised. He was taken to Milford to see the Nash car. Papers were then drawn and executed, after an allowance for the Hudson car had been agreed upon, all apparently on the theory that Mr. Pires, the registered owner, was the real owner. Later Mrs. Pires asserted her ownership in the Hudson car and defendants attempted to have her sign notes, &c., but this was never accomplished and eventually this suit was brought for conversion of the Hudson car by the defendants.

If the defendants had no knowledge of the claim of Mrs. Pires that she was the real owner of the car when they entered into an agreement with Mr. Pires, the registered owner of the automobile, they were justified in assuming that Mr. Pires was the owner in every sense of the word, and Mrs. Pires would be estopped from making any claim against them.

> Chapter 98, Sec. 2, Gen. Laws of
> R. I. 1923, as amended by Chap.
> 814, P. L. of R. I., January Session, 1926;
> *East Greenwich Institution for Savings* vs. *Kenyon*, 20 R. I. 110.

If Mrs. Pires by her own act attempted to mislead others, she could not complain if by that same act she in turn was damaged. But her claim in this case is that the defendants had knowledge that, notwithstanding the registration, she was the owner, and that is the issue that was left to the jury to decide. Upon this point the Court thinks that the weight of the evidence, to say the least, was that the transfer of the Hudson car was made and the agreement between the defendants and plaintiff's husband entered into before the defendants had

any other knowledge of title than that conveyed to them by the registration card.

As in the judgment of the Court the verdict was against the weight of the evidence, defendants' motion is granted.

Attorney for plaintiff: Patrick J. Mulvey.

Attorney for defendant: John R. Higgins.

